# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2013

Lyle W. Cayce
Clerk

No. 13-50087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL GARCIAPENA-VIZCARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-947-5

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raul Garciapena-Vizcarra challenges the substantive reasonableness of the sentence imposed for his convictions for conspiracy to possess with intent to distribute more than five kilograms of cocaine and possession with intent to distribute more than five kilograms of cocaine. He was sentenced within the guidelines range to 70 months of imprisonment and two years of supervised release on each count to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50087

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Garciapena-Vizcarra contends that the drug-trafficking Guideline, U.S.S.G. § 2D1.1, produces a guidelines range that is greater than necessary in a mine-run case such as his because it is not based on empirical data and assumes that a larger quantity of drugs indicates greater culpability. He also points to his lack of criminal history, which he contends indicates a low risk of recidivism; devotion to his family; and remorse as factors that warranted a below-guidelines sentence.

The district court was not required to question the empirical grounding behind § 2D1.1. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). The drug quantity and Garciapena-Vizcarra's history and characteristics were before the district court. Yet, the district court imposed a sentence within the guidelines range. We have recognized that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Garciapena-Vizcarra has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See id.*

The judgment of the district court is AFFIRMED.